UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Ernest Doe**, #219420, | ) | |
| Plaintiff, | ) | C/A No. **3:07-4109-CMC-JRM** |
| | ) | |
| v. | ) | |
| | ) | REPORT |
| The South Carolina Department of Corrections | ) | AND |
| Classification System; Jon D. Ozmint, SCDC Director, | ) | RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at Evans Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case, Plaintiff claims that his due process rights were violated because "he was accused of sexual misconduct/ and then the SCDC changed the charge to striking an employee." (Compl. at 3.) Plaintiff alleges that as a result, his "max out" date is incorrect because his good time credits and his earned work credits have not been applied. (Compl. at 3.) Plaintiff seeks damages and an application of his good time credits and earned work credits to shorten his max out date by approximately twenty-eight months.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

By submitting this Complaint and asserting that his due process rights were violated by SCDC employees or officials, Plaintiff has styled his claim as one cognizable under 42 U.S.C.

§ 1983.[2]  However, review of the allegations contained in the Complaint discloses that Plaintiff is challenging the duration of his sentence because he disputes the computation of his max out date. Plaintiff claims that he should be released approximately twenty-eight months earlier than his currently calculated max out date.  Plaintiff claims that he is not receiving good time credits and/or earned work credits as a result of the disciplinary violation that he claims violated his due process rights.  Plaintiff seeks monetary damages and the adjustment of his max out date so that he may "go home to [his] family and love ones."  (Compl. at 5.)

It is settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such claim may come within the literal terms of § 1983."  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).  The holdings of *Heck* and *Preiser* with respect to challenges to prison disciplinary procedures seeking restoration of forfeited good-time credits were confirmed in 2005 in *Wilkinson v. Dotson*, 544 U.S. 74 (2005).  Referencing both *Heck* and *Preiser*, along with *Edwards v. Balisok*, 520 U.S. 641 (1997) and *Wolff v. McDonnell*, 418 U.S. 539 (1974), the *Wilkinson* Court stated:

> These cases , taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-  success in that action would necessarily demonstrate the invalidity of confinement or its duration. . . . Thus, in *Preiser* we held the prisoners' § 1983 action barred because the relief it sought-restoration of good-time

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996).

credits, which would shorten the prisoners' incarceration and hasten the date on which they would be transferred to supervised release-was available in habeas.

*Wilkinson v. Dotson*, 544 U.S. at 81, 86 (citation omitted).

Plaintiff's request for adjustment of his good time credits and his earned work credits is in essence a request to restore credits lost because of disciplinary violations. This relief must be sought in a habeas corpus action.[3] This case should be summarily dismissed because Plaintiff cannot proceed under § 1983 on his claim for monetary damages for an alleged deprivation of good time credits without due process of law.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/Joseph R. McCrorey
United States Magistrate Judge

January 14, 2008
Columbia, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

---

[3] In the Order accompanying this Report, the Office of the Clerk of Court is being directed to provide Plaintiff with a set of habeas corpus forms for his future use. Plaintiff is cautioned that he is required to fully exhaust his state court remedies with respect to his disciplinary violation conviction before bringing a habeas action in this Court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).